# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| FRANK CARTER, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 4:19-cv-00295-JMB |
| | ) | |
| STATE OF MISSOURI, | ) | |
| | ) | |
| Respondent, | ) | |

## MEMORANDUM AND ORDER

This matter comes before the Court on its own motion. On June 27, 2019, petitioner was ordered to file an amended petition pursuant to 28 U.S.C. § 2254 on a Court form. (Docket No. 4). Petitioner was given thirty days in which to comply. The Court, however, has not received an amended petition. Therefore, for the reasons discussed below, this action will be dismissed without prejudice.

### Background

Petitioner filed a document with the Court on February 19, 2019 that was construed as a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Docket No. 1). The petition was handwritten and not on a Court form. Petitioner also neglected to file a motion to proceed in forma pauperis or pay the filing fee.

In the petition, petitioner stated that in 2007, he was "Interstate Compacted to the State of Missouri from the State of Texas." (Docket No. 1 at 1). Since that time, he has been "clean with no infractions." He alleged that it "appears that the State of Texas has apparently, with the [aid] of the State of Missouri, cemented the null and void trial court judgment which is based on intentional bad faith fraud on the court and falsification of documents."

Petitioner claimed that he was being "held in penal slavery outside of all law." He asserted that his case was "interstate compacted" to the State of Missouri as a knowing and intentional act "in furtherance of [continuing] this travesty of justice in violation of all constitutional norms." Petitioner noted that "a void judgment may be raised at any time in any court by the aggrieved party."

Further, petitioner stated that the "authorities" falsely labeled him as a sex offender, and that the "false label of sex offender has confined [him] to a true life sentence until death."[1] (Docket No. 1 at 2). Plaintiff explained that the purportedly-false label effects the type of employment he might seek, as well as the right to vote. As such, he requested that an "investigation, inquiry and review" be undertaken "into whether or not the false charge reflected in [his] parole file was placed there by the State of Missouri or Texas and whether or not it is the reason why it appears that [he] must be on lifetime parole." He also asked that this "correspondence" be treated as a federal writ of habeas corpus, as he had "no other way of presenting these issues" to the Court.

On June 27, 2019, petitioner was ordered to file an amended petition on a Court form. He was also directed to either file a motion for leave to proceed in forma pauperis or to pay the filing

---

[1] The Court notes that petitioner has previously filed a 28 U.S.C. § 1983 action regarding this issue. *Carter v. Missouri Board of Probation and Parole*, No. 4:10-cv-1253-RWS (E.D. Mo. July 12, 2010). In his § 1983 case, petitioner alleged that his constitutional rights were violated when he was paroled from the State of Texas to the State of Missouri via Interstate Compact. Specifically, he claimed that he was denied discharge under the Interstate Compact because he was wrongly designated as a sex offender. The Court determined that petitioner's claims for money damages were barred by the Eleventh Amendment. *Carter v. Missouri Board of Probation and Parole*, No. 4:10-cv-1253-RWS (E.D. Mo. May 11, 2011). To the extent that petitioner was seeking prospective injunctive relief, the Court determined that petitioner had failed to state a claim. In particular, the Court noted that petitioner's own documentation showed that he had *not* been classified as a sex offender. Among those exhibits was a Missouri Board of Probation and Parole travel permit. Petitioner attached the same travel permit to the instant case, in support of his allegation that he has been mislabeled a sex offender. This assertion appears to be a misreading of the travel permit. In the "Offense Information" section of the travel permit, the box for "Sex Offender/Dangerous Felon" has been checked. Apparently, petitioner takes this to mean that he has been labeled a sex offender. However, as the Court noted in *Carter v. Missouri Board of Probation and Parole*, No. 4:10-cv-1253-RWS (E.D. Mo. May 11, 2011), this box could be checked if petitioner was either a sex offender *or* a dangerous felon. In the explanation section directly below the "Offense Information," petitioner's crime is described as "Aggravated Robbery w/ Deadly Weapon." Clearly, the travel permit has labeled him a "Dangerous Felon," not a "Sex Offender," based on the nature of his offense.

fee. In order to aid petitioner, the Clerk of Court was directed to send him a copy of the Court's 28 U.S.C. § 2254 form and a copy of the Court's motion to proceed in forma pauperis form. Petitioner was given thirty days in which to comply with the order. He was advised that failure to comply would result in the dismissal of this action without prejudice and without further notice.

## Discussion

Petitioner has filed a document that he asks to be treated as a petition for writ of habeas corpus and which the Court has construed as a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. As previously noted in the Court's order of June 27, 2019, the petition is deficient because it is not on a Court form. *See* E.D. Mo. L.R. 45 - 2.06(A) ("All actions brought by pro se plaintiffs or petitioners should be filed on Court-provided forms"). Because the petition is not on a Court form, it is missing vital information necessary for petitioner's action to proceed.

The Court previously directed the Clerk of Court to send petitioner a § 2254 form. The Court directed petitioner to fill out the form in its entirety, specifically advising him to provide information relating to the judgment that he is attacking. He was also ordered to either file a motion to proceed in forma pauperis or pay the filing fee. Petitioner was given thirty days in which to comply, and was warned that failure to comply would result in the dismissal of his case without prejudice and without further notice.

More than thirty days have elapsed, and petitioner has failed to comply with the Court's order of June 27, 2019. Specifically, he has not filed an amended petition. He has also failed to either file a motion to proceed in forma pauperis or pay the filing fee. As a result, this action must be dismissed for failure to comply with the Court's order. *See* Fed. R. Civ. P. 41(b); and *Brown v. Frey*, 806 F.2d 801, 803 (8th Cir. 1986) (stating that district court may dismiss a pro se litigant's action for failure to comply with a court order on its own initiative).

Accordingly,

**IT IS HEREBY ORDERED** that this action is **DISMISSED** without prejudice. *See* Fed. R. Civ. P. 41(b). A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that no certificate of appealability will be issued.

Dated this   26th   day of     September   , 2019.


\s\  Jean C. Hamilton
JEAN C. HAMILTON
UNITED STATES DISTRICT JUDGE